# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | Case No. 2:24-cr-00019-JRG-RSP-1 |
| § | |
| RAYMOND KENDRICK FERRELL (1) § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On May 15, 2025, the undersigned held a final hearing on the Government's petition (#2) to revoke supervised release. The Government was represented by Assistant United States Attorney Dustin Farahnak. The Defendant, Raymond Kendrick Ferrell, was represented by Ken Hawk.

Raymond Kendrick Ferrell was sentenced on January 30, 2023, before The Honorable Chief U.S. District Judge David C. Godbey of the Northern District of Texas after pleading guilty to the offense of Possession with Intent to Distribute a Controlled Substance, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of IV, was 36 to 47 months. Raymond Kendrick Ferrell was subsequently sentenced to 42 months of imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include participation in substance abuse testing and treatment; participation in mental health treatment; and a special assessment of $100.00. On May 30, 2024, Raymond Kendrick Ferrell completed his period of imprisonment and began service of the supervision term. On June 7, 2024, supervision of Mr. Ferrell's case was transferred to the Eastern District of Texas from the Northern District of Texas.

On August 29, 2024, transfer of jurisdiction was requested from the Northern District of Texas and was finalized on September 19, 2024.

On December 16, 2024, this petition to revoke was filed. In its petition, the Government alleges the Defendant violated the following conditions:

1) <u>Mandatory:</u> You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. On July 10, 2024, September 5, 2024, September 20, 2024, and December 5, 2024, Mr. Ferrell submitted a positive urine specimen for methamphetamine.

2) <u>Special Condition:</u> It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 2, which shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court. Since his term of supervised release began on May 30, 2024, Mr. Ferrell has paid $50.00 toward his special assessment balance. He has failed to pay this balance immediately has per instructed

3) <u>Special Condition:</u> You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing. On August 27, 2024, October 17, 2024, November 27, 2024, and December 6, 2024, Mr. Ferrell failed to report to the Drug and Alcohol Testing Compliance Center and submit to a drug test as instructed.

The Court scheduled a final revocation hearing for May 15, 2025. At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to allegations #1, #2, and #3 as set forth above. Based on the Defendant's plea of true

to the allegations, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 12 months and 1 day, with 12 months of supervised release to follow such term of imprisonment.   Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to the allegations, as set forth in the Government's petition, be **ACCEPTED**.  Based upon the Defendant's plea of true to the allegations, it is further recommended that the Court find that the Defendant violated the conditions of his supervised release.   It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**.   It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 12 months and 1 day, with 12 months of supervised release to follow such term of imprisonment.

At the close of the May 15, 2025, final revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence.  Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 15th day of May, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE